UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIA SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | NO. CV 11-182 AGR<br><br>**MEMORANDUM OPINION AND ORDER** |

    Julia Smith ("Smith") filed this action on February 3, 2011. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge on February 14 and 17, 2011. (Dkt. Nos. 8-9.) On October 3, 2011, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

    Having reviewed the entire file, the Court affirms the decision of the Commissioner.

///

///

///

**I.**

**PROCEDURAL BACKGROUND**

On December 14, 2005, Smith filed applications for disability insurance benefits and supplemental security income benefits, alleging an onset date of August 26, 2005.[1]  Administrative Record ("AR") 429-36, 547-49.  The applications were denied initially and upon reconsideration.  AR 461-73.  On October 24, 2007, the Administrative Law Judge ("ALJ") conducted a hearing.  AR 491-510.  On November 27, 2007, the ALJ issued a decision denying benefits.  AR 445-55.  On February 19, 2008, the Appeals Council denied the request for review.  AR 512-15.   The ALJ's decision became the final decision of the Commissioner.

Smith appealed the decision.  *Smith v. Astrue*, 2009 WL 837892 (C.D. Cal. Mar. 30, 2009).  On March 30, 2009, this court reversed the Commissioner's decision and remanded the matter at step five.  AR 537-42.  The ALJ was to clear up the confusion as to whether Smith's RFC contained any mental limitations and, if so, to consider Smith's argument that the jobs identified in the ALJ's decision were outside her RFC.  AR 540-41.

On December 5, 2009, the Appeals Council directed the ALJ to conduct further administrative proceedings consistent with the remand order, associate the claim file of the duplicate claim filed on December 27, 2007 with the claim on

---

[1] Prior to these applications, Smith had been found disabled as of May 1, 2000.  AR 48-49.  In an August 26, 2005 decision, AR 36-45, the Administrative Law Judge ("ALJ") found that Smith's medical impairments had improved.  AR 41.  The ALJ found Smith had the residual functional capacity ("RFC") to lift or carry 20 pounds occasionally and 10 pounds frequently; stand or walk for a total of six of eight hours with usual breaks; sit for a total of six of eight hours with usual breaks; cannot repetitively bend, stoop, squat, kneel, crouch, and crawl; cannot walk for a prolonged period; cannot do frequent or repetitive forceful grasping, and do work that is non-complex and non-detailed.  AR 44-45.  This decision finding Smith not disabled became the final decision of the Commissioner and was not appealed.

remand,[2] offer the claimant the opportunity for a hearing, take any further action needed to complete the administrative record, and issue a new decision. AR 545. At a March 25, 2010 hearing, the ALJ recused himself because he had issued two hearing decisions. AR 872-74.

On June 28, 2010, a different ALJ conducted a hearing at which Smith, her friend, two medical experts and a vocational expert testified. AR 875-920. On November 18, 2010, the ALJ issued a decision denying benefits. AR 11-22. The decision became the final decision of the Commissioner. This action followed.

## II.

## **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

---

[2] On December 27, 2007, Smith filed applications for supplemental security income and disability insurance benefits, and alleged the same claim. *See* AR 437-42, 443-44, 545, 550-52, 617. The hearing decision issued on December 5, 2009 was rendered null and void because of the March 30, 2009 remand order. *See* AR 14 n.1.

## III.

## DISCUSSION

### A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B. ALJ's Findings

Smith met the insured status requirements through June 30, 2008. AR 17.

The ALJ found that Smith had the severe impairments of multilevel degenerative cervical spondylosis with mild spinal stenosis; degenerative disc disease of the lumbar spine; mild thoracic spine scoliosis with osteoporosis; bilateral shoulder impingement syndrome; history of bilateral carpal tunnel syndrome; history of left cubital tunnel syndrome; noninsulin dependent diabetes mellitus; depressive disorder, not otherwise specified ("NOS"); and anxiety disorder, NOS. AR 17.

Smith had the RFC to perform light work "except sit one hour at a time up to six hours in an eight-hour workday, stand or walk one hour at a time up to six hours in an eight-hour workday." AR 19. She could do occasional overhead reaching bilaterally and otherwise frequent reaching, frequent handling, fingering, feeling, pushing or pulling bilaterally; frequent use of the feet; no climbing of ladder or scaffolds; no crawling; occasional balancing, stooping, kneeling, and crouching; frequent climbing of stairs or ramps; no exposure to unprotected heights; no exposure to more than normal levels of pulmonary irritants; no exposure to extreme cold or heat; no exposure to concentrated vibrations; occasional exposure to moving mechanical parts; occasional operation of motor

vehicles; frequent exposure to humidity and wetness; moderately complex tasks; no public contact; and no hypervigilance." AR 19-20.

Smith is unable to perform her past relevant work. AR 21. However, "there are jobs that exist in significant numbers in the national economy that the claimant can perform" such as small parts assembler, office helper and house cleaner. AR 21-22.

### C. Non-Examining Medical Expert Opinion

Smith claims the ALJ did not adequately explain his reliance on the opinion of Dr. Lorber, a non-examining medical expert.

Opinions of a nonexamining, testifying medical expert "need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir.1995).

Dr. Lorber testified at the hearing, submitted a written assessment, completed a "Medical Source Statement of Ability To Do Work-Related Activities (Physical), and answered interrogatories. AR 853-60, 861-66, 867-69, 882-86. At the hearing, Dr. Lorber testified regarding Smith's medical treatments, including the results of MRIs, EMGs, and nerve conduction tests. AR 884. Dr. Lorber determined that Smith had severe impairments which would reduce her to a light level of work activity. AR 885. She can occasionally lift 20 pounds and frequently 10 pounds. She can stand, sit and walk for a total of six hours per day. AR 885. She should avoid exposure to concentrated vibration. There were no manipulative, exertional, or positional limitations. *Id.* In a subsequent written assessment, Dr. Lorber detailed Smith's medical history/treatments and reviewed additional records submitted after the hearing. AR 853-69. In his Medical Source Statement, Dr. Lorber opined Smith could do a limited range of light work including being able to sit, stand and walk up to one hour at a time and six of eight hours in a day; occasionally reach overhead; frequently reach, handle,

finger, feel and push/pull; frequently use booth feet, climb stairs and ramps; occasionally balance, stoop, kneel and crouch; never climb ladders, scaffolds or crawl; avoid unprotected heights, dust, odors, fumes and pulmonary irritants, as well as extreme cold, extreme heat, and vibrations; and occasionally move mechanical parts and operate a motor vehicle.[3] AR 861-65.

Contrary to Smith's argument, the ALJ's explanation for his reliance on Dr. Lorber's was not conclusory or perfunctory. The ALJ accorded "greater weight" to Dr. Lorber's opinion because it was "consistent with the medical [] record as a whole and more reasonable." AR 21. The ALJ stated that Dr. Lorber's opinion "essentially concurred in the impression of a treating neurosurgeon after extensive work up of [Smith's] neck and upper extremity complaints in 2009. That doctor indicated that [Smith] was not a candidate [for] surgery because the findings did not explain [Smith's] symptoms. [] Given the many years [Smith] has been evaluated and treated, this opinion . . . better supports a finding of a capacity for light work as found in 2005 and again herein above. Notwithstanding the various expressions of disability by treating sources in the claimant's worker's compensation case, there was clearly a significant dispute in that case regarding the severity of the claimant's impairment. As outlined by Dr. Lorber and above there is still a significant difference of opinion among the claimant's more recent treating sources about the discrepancy. As Dr. Lorber has reported, the objective findings [are] actually minor and inconsistent." AR 20-21, 843, 859; *see also* AR 17-18, 289-91, 855, 859-60, 884. Under these circumstances, the opinion of a medical expert may constitute substantial evidence. *See also Andrews,* 53 F.3d at 1042 (greater weight may be given to medical expert who is subject to cross-examination). Smith does not identify any specific inconsistency between

---

[3] Smith's argument that Dr. Lorber's opinion was "limited to the question of whether Ms. Smith's impairments are of Listing severity" is not well taken. (JS at 8.) Although Dr. Lorber testified about listing severity, his testimony and written assessments clearly extend to Smith's residual functional capacity.

Dr. Lorber's opinion and any other medical opinion or evidence. The ALJ did not err.

### D. Cervical Spine Condition

Smith contends that the ALJ "did not factor" the radiographic evidence of Smith's cervical condition into his assessment. JS 21. She does not make this argument "for the purpose of attacking any ALJ finding." *Id.*

Smith cites to several examples of her cervical spine condition. Contrary to her argument, the ALJ did not ignore this evidence. In his listing of severe impairments, the ALJ included multilevel degenerative cervical spondylosis with mild spinal stenosis, degenerative disc disease of the lumbar spine, and mild thoracic spine scoliosis with osteoporosis. AR 17. The fact that Smith has been diagnosed as having impairments related to her cervical spine alone is insufficient to establish the existence of work-related limitations. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (mere existence of symptoms or impairment is insufficient proof of disability). A plaintiff bears the burden of producing medical evidence establishing the existence of an impairment, its severity, and how it affects the plaintiff's functioning. 20 C.F.R. § 404.1512(c). Here, Smith fails to cite to any work related limitations that were inconsistent with the ALJ's RFC assessment based on her cervical condition. Thus, the ALJ did not err.

### ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: January 24, 2012

ALICIA G. ROSENBERG
United States Magistrate Judge